UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL W.,[1]

                                      Plaintiff,                  Case # 20-CV-1786-FPG

v.                                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

## INTRODUCTION

Plaintiff Daniel W. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 10. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In February 2018, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 703. He alleged disability since May 2017. *Id.* In December 2019, Administrative Law Judge JuanCarlos Hunt ("the ALJ") issued a decision finding that Plaintiff is not disabled.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 6-7.

Tr. 15-25. In October 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments,

the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has severe impairments of

degenerative disc disease of the lumbar and cervical spines. *Id.* At step three, the ALJ found that his impairments do not meet or medically equal any Listings impairment. Tr. 18.

Next, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of sedentary work. *Id.* At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 23. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 23-24. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 24-25.

## II. Analysis

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ did not sufficiently explain how he arrived at his RFC findings. ECF No. 9-1 at 13. The Court agrees that remand is warranted on this basis.

In his decision, the ALJ considered medical opinions from two sources. The first was state agency consultant Gary Ehlert, M.D., who opined that Plaintiff could perform light work except that he could only occasionally stoop, crouch, and crawl. Tr. 706-08. The second was Plaintiff's treating chiropractor, Christopher Acquisto, D.C. Tr. 1059. Dr. Acquisto issued several highly restrictive medical opinions. *See* Tr. 21-22. For example, in November 2017, Dr. Acquisto opined that Plaintiff was wholly unable to walk, sit, or stand during a workday, Tr. 1106; in December 2017, he opined that Plaintiff could not lift or carry any weight, could not use lower extremities for foot controls, and could only stand, sit, and walk for less than one hour per workday, Tr. 1058-60; and in June 2018, he concluded that Plaintiff could sit and stand for up to 15 minutes each workday, Tr. 2024.

The ALJ found neither Dr. Ehlert's nor Dr. Acquisto's opinions persuasive. Tr. 21-22. Instead, he "accounted for the combination of [Plaintiff's] impairments and symptoms, such as

4

pain, weakness, stiffness, and decreased sensation, with a limitation to work at the sedentary level with additional postural, manipulative, and push/pull limitations." Tr. 23. The ALJ also included a limitation of 10% "off-task" time "due to . . . alternating position and/or attention/concentration lapse due to pain and pain medication." *Id.*

Because the Court is unable to discern how the ALJ arrived at the limitations he identified in the RFC, remand is warranted.

Specific limitations included in an RFC, like the RFC as a whole, "must be based on evidence in the record, not on an ALJ's own surmise." *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020). Thus, where an ALJ includes a specific functional limitation, he must have an evidentiary basis for it. A medical opinion, a claimant's testimony, or information contained in the medical records can oftentimes be sufficient to support a given limitation. Furthermore, an ALJ is not limited to adopting only those limitations explicitly identified in the record: he is free to partially credit, or otherwise make reasonable inferences from, the evidence to determine a claimant's functional capacities and limitations. *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *4 (W.D.N.Y. Apr. 4, 2019) ("[W]hen the record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation."); *see, e.g.*, *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) (summary order) (evidence supported the ALJ's finding that claimant could perform light work at "no more than 10% slower than average [pace]," notwithstanding that no evidence identified a "particular percentage range"); *Barone v. Comm'r of Soc. Sec.*, No. 19-CV-482, 2020 WL 3989350, at *5 (W.D.N.Y. July 15, 2020) (collecting cases); *cf. Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (noting that an ALJ's conclusions need not "perfectly correspond with any of

the [medical] opinions"). Unless "a reasonable factfinder would *have to conclude otherwise*," the district court must defer to the ALJ's factfinding. *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order).

Conversely, however, the Court's deferential review does not give an ALJ the license to arbitrarily craft functional limitations, *Mariani v. Colvin*, 567 F. App'x 8, 10 (2d Cir. 2014) (summary order) (where some evidence showed "total loss of function" to claimant's hand and other evidence showed no loss, the ALJ could not split the difference and conclude that claimant had "fifty percent capacity"), translate raw medical data into functional terms, *McKee v. Comm'r of Soc. Sec.*, No. 18-CV-1013, 2020 WL 1283884, at *4 (W.D.N.Y. May 18, 2020), or unreasonably draw highly specific inferences from the nonspecific evidence. *See, e.g.*, *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (ALJ erroneously inferred from examiner's report—which stated that claimant would require "regular comfort breaks"—that claimant would need to "take a six-minute break every hour"). Moreover, an ALJ's reasoning must always be "sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020). While an ALJ's analysis need not be fully explicit in every detail, a reviewing court must be able to "glean the ALJ's rationale from the record." *Dyana G. v. Comm'r of Soc. Sec.*, No. 19-CV-805, 2021 WL 465249, at *3 (W.D.N.Y. Feb. 9, 2021). Accordingly, with respect to a specific functional limitation, the ALJ must tether the limitation to competent evidence and provide a sufficient explanation to ensure "meaningful judicial review." *Moss*, 2020 WL 896561, at *3.

The ALJ failed to sufficiently articulate how he arrived at the limitations he identified. Although Dr. Ehlert's and Dr. Acquisto's opinions are, in some respects, consistent with the RFC, the ALJ did not purport to rely on either medical source.[3]  *See* Tr. 21-22.  Much of the ALJ's decision focuses on the imaging studies and clinical findings in the record, Tr. 19-20—"medical data that the ALJ did not have the requisite expertise to evaluate." *Brittney B. v. Comm'r of Soc. Sec.*, No. 21-CV-686, 2022 WL 4920902, at *4 (W.D.N.Y. Oct. 4, 2022) (internal quotation marks omitted).

The ALJ also cited Plaintiff's daily activities in support, mischaracterizing some of the evidence in the process.  While the ALJ cited Plaintiff's (a) flight to Florida and (b) statement that he did "light housework" as evidence that Plaintiff "retained functional abilities," Tr. 20, 22, 23, the records themselves state that those activities aggravated his conditions.  *See* Tr. 926 ("Long flight to Florida and back has aggrivated [sic] things and goes into mid back."); Tr. 1977 ("Over did it with light housework and it aggrivated [sic] it."); *see also Lisa E. v. Comm'r of Soc. Sec.*, No. 20-CV-37, 2021 WL 4472469, at *6 (W.D.N.Y. Sept. 30, 2021) ("[T]he ALJ cannot ignore or mischaracterize evidence in the record." (internal quotation marks omitted)).  The only specific evidence that the ALJ cited to support the off-task limitation is the fact that Plaintiff once went for a haircut and "had a difficult [time] in the chair."  Tr. 1276; *see also* Tr. 21. Without a fuller explanation, this appears to be a clear example of an ALJ "unreasonably

---

[3] Consistent with the RFC, Dr. Ehlert found that Plaintiff could occasionally stoop, crouch, and crawl.  *See* Tr. 18, 707.  In his last opinion, Dr. Acquisto opined that Plaintiff could occasionally balance, kneel, crawl, stoop, and climb stairs and ladders.  Tr. 2148.  The ALJ could have partially credited these opinions—if he provided sufficient reasons for doing so—but he "did not even acknowledge that [he] credited [these] opinion[s] in part, let alone sufficiently explain why []he accorded [the] opinion[s] partial credit." *Gail F. v. Comm'r of Soc. Sec.*, No. 21-CV-120, 2022 WL 17578465, at *4 (W.D.N.Y. Dec. 12, 2022).

draw[ing] highly specific inferences from the nonspecific evidence."[4] *George H. v. Comm'r of Soc. Sec.*, No. 21-CV-168, 2023 WL 2595005, at *3 (W.D.N.Y. Mar. 22, 2023).

Ultimately, the lack of a discernible rationale for the ALJ's RFC findings prevents the Court from conducting a meaningful review and justifies remand, as it raises the specter that the ALJ arbitrarily constructed the RFC or "interpreted the medical evidence based on [his] own lay judgment—both of which constitute error." *McGirr v. Comm'r of Soc. Sec.*, No. 19-CV-1004, 2020 WL 3467416, at *2 (W.D.N.Y. 2020). On remand, the ALJ shall further develop the record and should consider, at a minimum, ordering a consultative examination. *See* 20 C.F.R. § 404.1517.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 3, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[4] Contrary to the Commissioner's argument, *Johnson v. Colvin*, 669 F. App'x 44 (2d Cir. 2016) (summary order), does not support the ALJ's rationale. In *Johnson*, the Second Circuit upheld an ALJ's finding that a claimant would perform work "slightly slower than average pace, i.e. no more than 10% slower than average." *Johnson*, 669 F. App'x at 47. Rejecting Plaintiff's argument that the "10%" finding was too specific, the Second Circuit concluded that this percentage was merely illustrative and was intended to convey that the claimant "could perform light work at a slightly slower than average pace." *Id.* By contrast, the off-task limitation in this case was not intended to be merely illustrative or reflect a minimal restriction. The ALJ agreed that Plaintiff suffered from such significant pain and postural difficulties that he could not work for ten percent of the workday. *See* Tr. 21 (rejecting the claim that Plaintiff could perform light work, acknowledging Plaintiff's difficulties staying in a seated position, and accounting for Plaintiff's "pain, weakness, stiffness, and decreased sensation" by giving him an "allowance for being off-task 10% of the workday").